UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION
CIVIL ACTION NO. 4:17-CV-147

***ELECTRONICALLY FILED***

STEVE BAGBY, JR.                                                                                    PLAINTIFF

v.                                                   **COMPLAINT**

GENERAL MOTORS, LLC                                                                    DEFENDANT

      Serve:  CORPORATION SERVICE COMPANY
               135 North Pennsylvania Street, Suite 1610
               Indianapolis, IN 46204

* * * * * * * * * * * * * *

COMES the Plaintiff, Steve Bagby, Jr., by counsel, and for his cause of action against the Defendant, General Motors, LLC, hereby states as follows:

1. The Plaintiff, Steve Bagby, Jr., ("Mr. Bagby") is an individual who is a citizen of and resides in Harrison County, Indiana.

2. The Defendant, General Motors, LLC, is and was at all times stated herein a corporation with its principal place of business in the State of Michigan, and was organized and existing under the laws of Delaware, with its business of designing, manufacturing, and selling certain motor vehicles, and was authorized to do business in Indiana. Service of process may be made through its registered agent, CSC Lawyers Incorporating Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204. General Motors LLC engages in significant business and derives significant revenue within the State of Indiana, including through the manufacture and sale of motor vehicles.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 *et seq.*, there being complete diversity of citizenship between the parties and the amount in controversy being in excess of $75,000, exclusive of interest and costs.

4. Venue is proper in the Southern District of Indiana, New Albany Division, because the motor vehicle crash and tortious acts of Defendant occurred in Harrison, Indiana.

5. On August 26, 2016, at approximately 1:15 a.m., Mr. Bagby was operating a 2003 Chevrolet Trailblazer manufactured and sold by Defendant, with VIN Number 1GNDT13S832274879, on Corydon Ridge Road in Harrison County, Harrison, Indiana. Plaintiff's vehicle left the roadway striking a tree.

6. At all relevant times, Plaintiff was using the Chevrolet Trailblazer in a foreseeable manner as intended by the manufacturer, and was using his seat belt.

7. Mr. Bagby's Chevrolet Trailblazer was equipped with frontal airbags. Despite the vehicle sustaining an offset frontal impact with a sufficiently abrupt change in speed technically known as delta V, and a PDOF within Supplemental Restraint Deployment parameters, the air bags in the Chevrolet Trailblazer failed to deploy at any time.

8. Further, General Motors equipped this vehicle with a seatbelt system. At the time of the crash, Mr. Bagby had his seatbelt properly secured. General Motor's seatbelt system failed to properly restrain Mr. Bagby.

9. As a direct and proximate result of the failure of the airbags to deploy and the failure of the seatbelt system to adequately restrain Mr. Bagby, he was severely and permanently injured, or in the alternative his injuries were made significantly worse.

10. As a result of the circumstances stated above, Mr. Bagby suffered serious and permanent injury to his body as a whole, including his face, head, back, hands, and legs. Plaintiff

has had several surgeries to correct these injuries. As a result of these injuries, Plaintiff has incurred and will continue to incur catastrophic reasonable and necessary emergency, medical and rehabilitative treatment, resulting in healthcare bills to date of approximately $250,000.00.

11. At the time Plaintiff was operating the Chevrolet Trailblazer, it was in a substantially unchanged condition from the date of its manufacture and sale, and remained in a substantially unchanged and well-maintained condition at all times stated herein.

12. The above-described Chevrolet Trailblazer was designed, manufactured, tested and sold by the Defendant, and/or its predecessor. Defendant General Motors, LLC, is the proper corporate successor of the manufacturer and/or seller of the Chevrolet Trailblazer pursuant to Defendant's purchase of certain assets and liabilities dated July 10, 2009, through a Section 363 sale under Chapter 11 of the United States Bankruptcy Code.

13. At the time the Chevrolet Trailblazer was sold and placed into the stream of commerce by the Defendant, it was, as designed and manufactured, defective and unreasonably dangerous for use in the case of a motor-vehicle collision, due to defects with its airbag and seatbelt restraint systems.

14. At the time the Chevrolet Trailblazer was sold by the Defendant, the Defendant made express and implied warranties as to the vehicle's fitness and safety for use as a motor vehicle on the public roads, including warranties about its airbags and seatbelt restraint systems.

15. At the time the Chevrolet Trailblazer was sold by the Defendant, it was unfit for safe use as a motor vehicle, which was unknown to Plaintiff.

16. At the time the Chevrolet Trailblazer was designed, manufactured, and sold, it was designed and manufactured negligently, carelessly, and was unreasonably dangerous for its intended use.

17. Plaintiff is pursuing his claims against Defendant for strict liability, as the Chevrolet Trailblazer was placed into the stream of commerce, and the vehicle was unreasonably dangerous to foreseeable users.

18. Defendant negligently, grossly negligently, or recklessly designed, tested or manufactured and placed into the stream of commerce the 2003 Chevrolet Trailblazer driven by Plaintiff.

19. Plaintiff is also pursuing his claims against Defendant for failure to warn, as Defendant failed to warn Plaintiff or other consumers about the dangerous condition of the Chevrolet Trailblazer.

20. Plaintiff is also pursuing his claims against Defendant for negligence, as Defendant has a duty to use reasonable care to design, manufacture or sell a product that is reasonably safe, and Defendant breached said duty.

21. Plaintiff is also pursuing his claims against Defendant for breach of express or implied warranties for fitness for use as a motor vehicle, as set forth above.

22. At all times stated herein, the Defendant failed to warn the purchaser or ultimate users of the Chevrolet Trailblazer, including Plaintiff, that the vehicle was defective and unreasonably dangerous for use, and/or that its airbag and seatbelt restraint systems were defective.

23. Defendant knew and/or reasonably should have known that the airbag and seatbelt restraint systems on this vehicle posed an unreasonable risk of harm to the foreseeable drivers and passengers of the vehicle.

24. The catastrophic and permanent injuries suffered by Mr. Bagby, were a direct and proximate result of the omissions and commissions of the Defendant as set forth hereinabove.

25. As a direct and proximate result of the omission and commissions of the Defendant stated hereinabove, Plaintiff sustained serious and grievous permanent injuries as set forth above.

26. As a result of the injuries stated hereinabove, Plaintiff suffered great pain of body and anguish of mind, and will in the future continue to suffer great pain of body and anguish of mind.

27. As a result of the injuries stated hereinabove, Plaintiff has incurred and will continue to incur medical and rehabilitation expenses .

28. As a result of the injuries stated hereinabove, Plaintiff Bagby has been damaged by a loss of past earnings as well as the loss of the ability to earn money, and/or impaired earning capacity, and a loss of household contributions for the remainder of his life.

29. All of the above-stated damages, are far in excess of $75,000.00.

WHEREFORE, the Plaintiff, Steve Bagby, Jr., prays for relief as follows:

1. Judgment against the Defendant, General Motors LLC, in an amount that is fair and reasonable and in excess of $75,000;

2. Pre-judgment interest;

3. Post judgment interest;

4. Trial by jury;

5. Costs expended herein; and

6. Any and all other relief to which the plaintiffs may appear entitled.

    Respectfully submitted,

    ATTORNEYS FOR PLAINTIFF

BY: /s/ Kirsten R. Daniel_____
  Kirsten R. Daniel
  A.  Pete Lay
  CLAY DANIEL WALTON & ADAMS PLLC
  101 Meidinger Tower
  462 South Fourth St.
  Louisville, Kentucky 40202
  (502) 561-2005
  kirsten@justiceky.com
  pete@justiceky.com