UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| STEVE BAGBY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:17-cv-00147-RLY-TAB |
| | ) | |
| GENERAL MOTORS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, General Motors, LLC, moves for summary judgment as to the claims brought by the Plaintiff, Steve Bagby, Jr. The court, having read and reviewed the parties' submissions, the designated evidence, and the applicable law, now **GRANTS** Defendant's Motion.

**I.  Background**

On August 26, 2016, Plaintiff was operating a 2003 Chevrolet TrailBlazer manufactured and sold by Defendant. Plaintiff's vehicle left the roadway and struck a tree. The airbag did not deploy and the seatbelt failed to restrain him. Consequently, he suffered serious and permanent injuries.

**II.  Discussion**

In Plaintiff's Complaint, he brings strict liability claims, design and manufacturing defect claims, negligence claims, breach of express and implied warranty claims, and a failure to warn claim. General Motors moves for summary judgment under Indiana's Product Liability Act ("IPLA"), which requires that a product liability claim be

1

commenced within ten years of the product at issue having been delivered to its initial user or consumer. Ind. Code § 34-20-3-1. Defendant argues his claim is time-barred because the 2003 TrailBlazer was delivered to the first user or consumer on June 26, 2003, but the accident at issue did not happen until August 26, 2016, and Plaintiff did not commence this action until August 11, 2017.

Plaintiff concedes his product liability claims are time-barred. He argues, however, that his contract-based claim for breach of the warranty of merchantability under the Uniform Commercial Code survives.

The Indiana Supreme Court has recognized that "several federal district courts and other panels of the [Indiana] Court of Appeals have held that tort-based breach of warranty claims have been subsumed into the [IPLA]." *Kovach v. Midwest,* 913 N.E.2d 193, 197 (Ind. 2009); *see also Cavender v. Medtronic, Inc.*, No. 3:16-cv-232, 2017 WL 1365354, at *6 (N.D. Ind. Apr. 14, 2017) ("[W]hen the claim, as here, is for tortious personal injury, the breach of warranty claim is subsumed by the IPLA"); *Lyons v. Leatt Corp.*, 4:15-cv-17-TLS, 2015 WL 7016469, at *3 (N.D. Ind. Nov. 10, 2015) (same). Conversely, "breach of warranty claims alleged under Indiana's Uniform Commercial Code are deemed independent from IPLA." *Lyons*, 2015 WL 7016469, at *3 (citing *Atkinson v. P&G-Clairol, Inc.*, 813 F. Supp. 2d 1021, 1027 (N.D. Ind. 2011)).

Under a contract-based breach of warranty theory, a plaintiff may only recover the cost of the product and any economic loss from the failure of the product. *Atkinson*, 813 F. Supp. 2d at 1026 (citing *Hyundai Motor Am., Inc. v. Goodin*, 822 N.E.2d 947, 952 n. 4 (Ind. 2005). Economic damages are defined as "the diminution in the value of a product

2

and consequent loss of profits because the product is inferior in quality and does not work for the general purposes for which it was manufactured and sold." *Id.* (quoting *Reed v. Central Soya Co., Inc.*, 621 N.E.2d 1069, 1074 (Ind. 1993)). Here, Plaintiff does not seek economic damages. Instead, he seeks recovery for damages in tort related to physical harm, including "permanent injuries," "pain of body and anguish of mind," "medical and rehabilitation expenses," "loss of past earnings," and "loss of ability to earn money" due to alleged defects in the 2003 TrailBlazer. (*Id.* ¶¶ 25-28). Accordingly, his breach of warranty claim is subsumed by the IPLA and is time-barred.

Furthermore, a claim for breach of the implied warranty of merchantability under the UCC operates between a buyer and a seller. *See* Ind. Code § 26-1-2-314; § 26-1-2-714; § 26-1-2-715; *Reed*, 621 N.E.2d at 1075 ("The law of sales set out in Article 2 of the Uniform Commerical Code governs the economic relations between buyer and seller; the dissatisfied buyer may avail himself of those statutory remedies fashioned by the legislature."). Plaintiff testified that Mary Joe and Butch Wheatley owned the 2003 TrailBlazer at the time of the accident; he never owned it. (Filing No. 35-1, Deposition of Steve Bagby at 61-62, 134). Thus, he was not a buyer for purposes of the UCC. *See* Ind. Code § 26-1-2-103(1)(a) ("'Buyer' means a person who buys or contracts to buy goods."). He was not a third party beneficiary entitled to the protections of an implied warranty either. Ind. Code § 26-1-2-318 ("A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty.").

Accordingly, even if his implied of merchantability warranty claim were not time-barred, it would be subject to dismissal.

## III. Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment (Filing No. 27) is **GRANTED**.

**SO ORDERED** this 25th day of May 2018.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.